UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER REDMOND,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN MATEO POLICE DEPARTMENT,<br><br>    Defendant.<br>_____/ | No. C-14-00998 DMR<br><br>**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS [DOCKET NO. 35]** |

     The parties submitted a joint letter in which Defendant City of San Mateo ("San Mateo") moves for sanctions against Plaintiff Walter Redmond and his counsel for discovery misconduct. [Docket No. 35.] The court ordered the parties to submit supplemental evidence regarding the alleged misconduct, which the parties timely filed. [Docket Nos. 39, 40, 44, 45.] The court conducted a hearing on February 12, 2015. For the following reasons, Defendant's motion is granted in part. Due to the court's concern about the quality of Plaintiff's counsel's representation, the court orders Plaintiff's counsel immediately to serve this order on his client, Walter Redmond, and to file a proof of service.

## I. Background

This action was removed to federal court in March 2014. In his complaint, Redmond alleges various claims related to a July 2013 detention of Redmond and his cousin, Phillup Taylor,[1] in San Mateo, California by San Mateo police officers. Redmond alleges that the officers racially profiled him in violation of his constitutional rights.

Discovery disputes built up for some time, due to plaintiff's repeated failures to meet his discovery obligations. Defendant filed a discovery letter brief on October 3, 2014 in which it requested an order compelling complete Rule 26 initial disclosures and the production of documents and ESI. Defendant also sought an order compelling Redmond's appearance for a continued deposition, because he failed to answer certain questions during the initial session. [Docket No. 26.] The court ordered the parties to meet and confer, and to file a joint letter regarding any remaining disputes. [Docket No. 27.] On October 21, 2014, the parties filed a stipulation setting forth specific agreements regarding the outstanding disputes. [Docket No. 28.] The court entered an order on the parties' stipulation on October 22, 2014. [Docket No. 31 (Oct. 22 Order).]

As a result, Redmond was ordered to 1) supplement his initial disclosures by November 10, 2014, including identifying all potential witnesses and persons who may have discoverable information; 2) search for and produce all documents, emails, and other electronically stored information in his possession, custody, or control that were responsive to Defendant's July 25, 2014 requests for production by November 10, 2014; 3) make himself available for deposition by no later than December 12, 2014; and 4) assess whether supplementation or correction of his interrogatory responses was necessary and serve any correction or supplementation by November 10, 2014. (Oct. 22 Order.)

On December 18, 2014, Defendant sought sanctions against Plaintiff and his counsel, Stanley Goff, for a pattern of discovery misconduct. Given the parties' dispute about the alleged misconduct, the court ordered Defendant to submit evidence supporting its request for sanctions and

---

[1] Taylor also filed a complaint challenging the detention which is also pending before the undersigned. *See Taylor v. San Mateo*, No. C-14-1000 DMR (N.D. Cal.). Redmond and Taylor are represented by the same attorney.

2

ordered Plaintiff to file an evidentiary response thereto. The court finds that the record shows a course of discovery misconduct by Goff that is troubling.

### A. Initial Disclosures

The parties stipulated in their May 27, 2014 joint case management statement that they would serve initial disclosures by June 16, 2014. [Docket No. 13 at 4] Redmond did not serve initial disclosures by that date nor did he request an extension before the deadline. (Atkinson Decl., Jan. 9, 2015, ¶ 7.) He finally served them on August 1, 2014, over six weeks after they were due, in response to a request from defense counsel. (Atkinson Decl. ¶ 13, Ex. 5.) The initial disclosures are facially deficient in that Redmond failed to produce or describe "by category and location . . . all documents, electronically stored information, and tangible things" in his possession, custody, or control that he planned to use to support his claims. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Redmond has never supplemented his initial disclosures in violation of the October 22, 2014 order.

### B. Requests for Production, Interrogatory Responses, and Deposition Conduct

On June 24, 2014, Defendant noticed Redmond's deposition for August 13, 2014 and served a set of three interrogatories. On July 25, 2014, it served an amended deposition notice, noticing Redmond's deposition for August 14, 2014 and requesting he produce documents in response to five requests for production (RFPs). (Atkinson Decl. ¶ 9, Exs. 2, 3.) Responses to the interrogatories were due on July 29, 2014. (Atkinson Decl. ¶ 11.) Redmond did not serve his interrogatory responses until August 6, 2014, again in response to a request from defense counsel. (Atkinson Decl. ¶¶ 15, 16, Ex. 6.)

Defendant contends that 1) the interrogatory responses were procedurally deficient; 2) Redmond contradicted the assertions in his responses at deposition; and 3) Redmond denied reading the responses even though he verified them under penalty of perjury. (Atkinson Decl. ¶¶ 18-24, Ex. 8 (Redmond Dep.) 246-47 (e.g., regarding response to interrogatory no. 1, "this is an error. This is not the truth. . . . I never filed a complaint [for harassment with the San Mateo Police Department]").) Redmond has not corrected or supplemented his admittedly false and incomplete interrogatory responses. (Atkinson Decl. ¶ 25.)

Defendant deposed Redmond on August 14, 2014. Redmond refused to answer several questions about his criminal record, raising his Fifth Amendment right against self-incrimination. (Redmond Dep. 92, 111-12.) Redmond also failed to produce documents in response to Defendant's RFPs, and testified that he had never seen the deposition notice containing the RFPs. (Atkinson Decl. ¶¶ 28, 30, Redmond Dep. 86.) When asked whether he looked for any documents about his racial profiling allegations, he testified, "The document is my mind. And no." (Redmond Dep. 87.) Following the deposition, the parties communicated about Redmond's failure to produce responsive documents at his deposition. Goff requested, and was granted, an extension to September 12, 2014 to produce the documents, but failed to do so. (Atkinson Decl. ¶¶ 31-34, Ex. 10.) On September 16, 2014, Goff emailed to defense counsel six emails, apparently as part of a document production. Although it was not entirely clear, it appeared that the documents were produced on behalf of Phillup Taylor, plaintiff in the related case, not Redmond, and were forwards of emails that counsel had received from Taylor. (Atkinson Decl. second ¶¶ 31-32.[2]) Goff "produced" the documents to defense counsel by simply forwarding the emails, which resulted in detachment of documents attached to emails sent earlier in the chain. One of the forwarded emails attached a document that purported to contain the text of emails sent by Taylor, but did not contain the original emails themselves. (Atkinson Decl. second ¶ 31.) The documents were not bates-labeled, appeared to be incomplete, and lacked metadata. Goff promised to provide a properly formatted production of documents by September 17, 2014 but failed to do so. (Atkinson Decl. second ¶ 33.)

Redmond's failures to produce documents and to serve amended interrogatory responses violated this court's October 22, 2014 order.

**C.  Redmond's Second Deposition**

Defendant served a deposition notice on November 20, 2014, setting Redmond's continued deposition for December 2, 2014, along with a letter inquiring about the status of the court-ordered document production, disclosures, and discovery responses. (Atkinson Decl. ¶ 48, Exs. 16, 17.)

---

[2] Atkinson's declaration contains misnumbered paragraphs on pages 6 and 7, resulting in two paragraphs numbered 31, 32, 33, and 34 on those pages. The notation "second" refers to the second version of a paragraph cited in his declaration.

Goff did not respond. On November 30, 2014, 48 hours before the noticed deposition, Goff asked for a continuance of the deposition. Defendant agreed to continue the deposition until December 8, 2014, and attempted to confirm the new date. (Atkinson Decl. ¶¶ 51-52.) Defendant re-noticed Redmond's deposition for December 8, 2014, and noticed the deposition of Taylor for December 9, 2014. (Atkinson Decl. ¶¶ 53, 54, Exs. 19, 20.) Redmond did not appear for his deposition on December 8, 2014 without any notice to Defendant; as a result, Defendant incurred court reporter and videographer costs. (Atkinson Decl. ¶ 55, Ex. 21.) After multiple inquiries, Goff confirmed that neither Redmond nor Taylor would appear for deposition the following day, December 9, but did not offer any alternative dates for Redmond's deposition. (Atkinson Decl. ¶¶ 57, 58.) Plaintiff's failure to make himself available for deposition by December 12, 2014 violated the court's October 22, 2014 order.

**D.    Requests for Admission**

On October 23, 2014, Defendant served Redmond with a second set of RFPs and a set of requests for admission (RFAs), with responses due on November 28, 2014. (Atkinson Decl. ¶¶ 63, 64.) To date Redmond has not served responses to the RFPs or RFAs. (Atkinson Decl. ¶¶ 65, 66.) The RFAs are deemed admitted by operation of law. Fed. R. Civ. P. 36(a)(3).

Defendant now requests sanctions in the form of an award of attorneys' fees and costs incurred as a result of Plaintiff's discovery misconduct. Defendant also asserts that additional sanctions up to and including dismissal are warranted here.

## II. Legal Standards

Federal Rule of Civil Procedure 37 authorizes the imposition of various sanctions for discovery violations, including a party's failure to obey a court order to provide or permit discovery and failure to timely supplement initial disclosures and/or discovery responses pursuant to Rule 26(e). Fed. R. Civ. P. 37(b)(2)(A), (c)(1). Such sanctions may include ordering a party to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C), (c)(1)(A). A court may also strike pleadings or dismiss an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). Dismissal is a "harsh sanction," and the court must consider the following factors to determine whether it is appropriate: "(1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). The court need not make explicit findings on all of these factors, but a finding of "'willfulness, fault, or bad faith' is required for dismissal to be proper." *Id*.

### III. Analysis

Defendant argues that monetary sanctions and/or terminating sanctions are warranted for Redmond and Goff's discovery misconduct, including the violation of the October 22, 2014 order.

The October 22 order set forth deadlines pertaining to four specific discovery matters: 1) supplementation of Rule 26 initial disclosures; 2) production of documents in response to the July 25, 2014 amended deposition notice; 3) appearance for a second session of Redmond's deposition; and 4) supplementation and/or correction of interrogatory responses served August 6, 2014.

Attorney Goff does not dispute that he failed to comply with any of the deadlines set forth in the October 22 order, nor does he dispute the details of his dilatory conduct in discovery. Instead, he submits a declaration in which he makes conclusory statements about selected issues. Goff states that Redmond has made a good faith effort to "comply with" Defendant's RFPs, that he met and conferred with defense counsel regarding delays in producing documents, and that defense counsel "led [him] to believe that the deadline of November 10, 2014 . . . would not be enforced in the hopes of resolving the discovery dispute amicably." (Goff Decl., Jan. 22, 2015, ¶¶ 3, 4.) Goff also states that he communicated with defense counsel regarding Redmond's second deposition. (Goff Decl. ¶ 11, Ex. C.) He also states that Redmond "honestly could not attend" the second scheduled deposition "due to his work schedule and his counsel's unavailability in the context of dealing with other court related matters in other cases." (Goff Decl. ¶ 6.) Goff does not address the failures to supplement Redmond's initial disclosures or supplement or correct the interrogatory responses.

It is undisputed that Goff never sought relief from the court-ordered deadlines, nor is there any evidence that he was in any way prevented from doing so. Instead, he forced Defendant to seek relief from the court in an attempt to obtain necessary discovery. Further, there is no evidence that

6

any of the discovery misconduct at issue in this motion resulted from Redmond's own actions, as opposed to the behavior of his counsel, Goff. Accordingly, sanctions against Goff personally are appropriate pursuant to Rule 37(b) for the failure to "obey an order to provide or permit discovery" based on his disregard of the October 22 order. *See* Fed. R. Civ. P. 37(b)(2)(A).[3]

The court notes that the discovery misconduct in this case is not the first time Goff has failed to comply with court orders. To date, he has been the subject of at least four Orders to Show Cause in three other cases in this District. *See Westmore v. Regents of the Univ. of Cal.*, No. 13-cv-01744-JCS (Docket No. 43, Order to Show Cause for failure to prosecute and failure to appear at settlement conference); *Fidge v. Lake Cnty. Sheriff's Dep't*, No. 13-CV-5182 YGR (Docket Nos. 71, 80, Orders to Show Cause for failure to comply with court order and failure to appear at compliance hearing); *Holmes v. San Francisco Police Dep't*, No. 14-cv-00584 NC (Docket No. 73, Order to Show Cause for failure to appear at case management conference and failure to prosecute). At the hearing, Goff represented that he is a solo practitioner who has been practicing law for only eighteen months. He acknowledged that he has no administrative support, nor has he sought mentoring or other assistance. The court expressed its concern about Goff's pattern of unprofessional conduct, and warned that his behavior risks compromising his clients' interests. Further, Goff's actions resulted in undue prejudice to Defendant, forcing it to incur unnecessary fees and costs in an effort to pursue discovery to which it is entitled.

The court finds that Goff should pay a portion of Defendant's reasonable expenses caused by his failure to comply with the October 22, 2014. Defendant argues that it should be compensated for 63.8 hours spent performing work it claims was required as a result of Redmond's violation of this court's order, including meet and confer efforts, filing discovery letter briefs, working on issues related to Redmond's deposition, and miscellaneous tasks. It also seeks compensation for $1,685.50

---

[3] The court finds that terminating sanctions are not appropriate here, where the discovery misconduct is solely attributable to Goff's conduct, as opposed to Redmond's. Additionally, Defendant has not shown "willfulness, fault, or bad faith" on Goff's part, which is required for dismissal to be proper. *See Leon*, 464 F.3d at 958. The court also finds that despite Goff's dilatory conduct and failure to comply with the October 22 order, his misconduct has not so infected this case to make a fair trial impossible or so impacted Defendant as to render it incapable of responding to Redmond's evidence.

in costs incurred for the first session of Redmond's deposition, to which he did not bring documents, necessitating a second deposition, and $592.05 in costs for the second deposition for which Redmond failed to appear. (Atkinson Decl. ¶¶ 80-82, Ex. 31.) Defendant seeks a total of $14,175 in attorney's fees and $2,277.55 in costs, for a total of $16,452.55.

In the interests of justice, the court finds that Goff should personally pay Defendant $2,500 in sanctions in this case for violating the court's October 22 order[4], as well as $592.05 to reimburse Defendant for the costs of the second deposition, for a total of $3,092.05.  **Additionally, by no later than March 2, 2015**, Goff shall submit a declaration, signed under penalty of perjury, setting forth *in detail* the specific actions he intends to take to improve his professional conduct in this case and in all other cases pending in this District. The court also orders Goff immediately to serve a copy of this order on his client, Redmond, and to file the proof of service. The court cautioned Goff that further instances of dilatory behavior may result in a referral to the Court's disciplinary committee.

The court also sets forth the following discovery schedule: by no later than February 27, 2015, Goff shall serve on Defendant Redmond's supplemented initial disclosures; produce all documents responsive to Defendant's RFPs, including all emails and corresponding attachments; and produce supplemental and/or corrected interrogatory responses. If Redmond does not have any documents responsive to the RFPs in his possession, custody, or control, Goff shall serve a sworn declaration by Redmond attesting to that fact. As to Redmond's deposition, by February 20, 2015, Defendant shall provide Goff with two possible dates for Redmond and Taylor's deposition. Goff shall confirm dates for his clients within two business days.

## IV.  Conclusion

For the foregoing reasons, the court grants Defendant's motion for sanctions in part and orders Goff to personally pay $3,092.50 within 60 days of the date of this order.

IT IS SO ORDERED.

---

[4] The court also orders Goff to personally pay Defendant $2,500 in the related case, *Taylor v. San Mateo*, for a total of $5,592.50 in sanctions assessed against Goff personally.

Dated: February 24, 2015

DONNA M. RYU
United States Magistrate Judge